NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3591
_____


ROXANNE MURRAY; HEATHER WHITCRAFT;
MARIA SWIDERSKI; JESSICA RODMAN,
                                        Appellants

v.

WALGREEN COMPANY

_____


On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 10-cv-3333
(Honorable Jerome B. Simandle)
_____

Argued June 4, 2012

Before:  SCIRICA, GREENAWAY, JR. and NYGAARD, *Circuit Judges*.

(Filed: July 19, 2012)

DAVID M. KOLLER, ESQUIRE (ARGUED)
2043 Locust Street, Suite 1B
Philadelphia, Pennsylvania 19103
        Attorney for Appellants

BARBARA A. O'CONNELL, ESQUIRE (ARGUED)
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, Pennsylvania 19102
        Attorney for Appellee

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Roxanne Murray, Heather Whitcraft, Maria Swiderski, and Jessica Rodman ("Plaintiffs") appeal a judgment of the District Court denying their motion for relief under Fed. R. Civ. P. 60(b)(1). We will affirm.

I

On June 30, 2010, after receiving the right to sue following an EEOC administrative proceeding, Plaintiffs filed a complaint in the District of New Jersey against Walgreen Company ("Walgreen") alleging violations of Title VII, 42 U.S.C. § 2000e *et seq*. On November 22, 2010, with the case pending for more than 120 days, the District Court issued a Notice of Call for Dismissal Pursuant to Local Rule 41.1(a) for failure to prosecute, soliciting an affidavit setting forth the good faith efforts to prosecute the action. Plaintiffs' counsel filed an affidavit stating she was in the process of amending the complaint to include additional state-law claims against additional defendants, and that she anticipated filing an amended complaint within sixty days. On December 15, 2010, the District Court held that the affidavit did not establish good cause for the dormancy of the case and failure to serve the defendant, and dismissed the case without prejudice under D.N.J. Civ. R. 41.1(a) and Fed. R. Civ. P. 4(m).

On December 27, 2010, Plaintiffs filed a motion to vacate the dismissal under Fed. R. Civ. P. 60(b)(1) and D.N.J. Civ. R. 41.1(a), and Walgreen, having received a copy of

the stale original complaint on January 25, 2011, opposed the motion. Exercising jurisdiction over the motion because the statute of limitations on Plaintiffs' claims had expired, the District Court denied Plaintiffs' motion, holding that they had not established excusable neglect. The Court also noted that, even if it found that the Plaintiffs had exercised good faith, it would hold that the totality of the circumstances did not establish excusable neglect. Plaintiffs timely appealed.[1]

## II

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003). "An abuse of discretion may be found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dept. of Elections*, 174 F.3d 305, 311 (3d Cir. 1999) (internal quotation marks and citation omitted).

## III

Fed. R. Civ. P. 60(b)(1) grants a district court discretion to relieve a party from a final judgment or order in instances of "mistake, inadvertence, surprise, or excusable neglect." Petitioners contend the District Court abused its discretion by holding they failed to satisfy the standard for excusable neglect.

In determining excusable neglect, a court must consider four factors: (1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1343. We exercise jurisdiction under 28 U.S.C. § 1291.

proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 300 (3d Cir. 2002). The District Court did not abuse its discretion denying 60(b)(1) relief. The District Court correctly identified the four *Pioneer* factors, *Pioneer Investment Services v. Brunswisk Assoc.*, 507 U.S. 380, 395 (1993), and found that (1) Walgreen would be prejudiced by defending against Plaintiffs' time-barred claims, (2) the 168-day delay at issue was "unreasonably protracted," (3) Plaintiffs had exclusive control over the delay, and (4) Plaintiffs had not acted in good faith because they made a strategic decision in declining to serve Walgreens with the complaint.[2] We detect no errors warranting reversal.

Substantially for the reasons set forth in the District Court's opinion, we will affirm the judgment of the court.

---

[2] Specifically, the court found the affidavit filed in response to the court's Notice of Call for Dismissal on November 22, 2010, demonstrated "an absence of good faith under *Pioneer*, 507 U.S. [380,] 395."